UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ROBINSON, | No. 2:15-cv-2442 KJN P |
| Petitioner, | |
| v. | ORDER |
| DEBBIE ASUNCION,[1] | |
| Respondent. | |

I. Introduction

Petitioner is a former state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion is granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

---

[1] Petitioner is currently housed at the California State Prison, Lancaster, where the current warden is Debbie Asuncion. Ms. Asuncion is substituted as respondent. Fed. R. Civ. P. 25(d).

1   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under
2   Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420
3   (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority
4   under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there

is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, when, as here, a petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2] Banjo, 614 F.3d at 968 (citation omitted).

Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

////

////

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted). In Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i] the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not." Id. at 1075.

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to assault with a revolver, and a number of sentencing enhancement allegations were found true. (Respondent's Lodged Document ("LD") 1.)

2. On October 21, 2013, petitioner was sentenced to a determinate state prison term of ten years. (LD 1.)

3. Petitioner did not file an appeal.

4. On December 10, 2014,[3] petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 2.) On February 9, 2015, the superior court denied the petition in a reasoned decision. (LD 3.)

5. On April 20, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 4.) On April 30, 2015, the appellate court denied the petition without comment. (LD 5.)

6. On April 20, 2015, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 6.) On May 7, 2015, the Court of Appeal denied the petition as "successive and repetitive," citing In re Clark, 5 Cal.4th 750, 767-69 (1993). (LD 7.)

7. On July 7, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 8.) On October 14, 2015, the California Supreme Court denied the petition without comment. (LD 9.)

8. On November 19, 2015, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

9. On February 2, 2016, respondent filed the motion to dismiss. Petitioner filed an opposition. (ECF No. 14.) Respondent filed a reply. (ECF No. 16.)

---

[3] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

IV. <u>Statutory Tolling</u>

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. <u>Id.</u> In this case, petitioner did not appeal the operative judgment issued on October 21, 2013. Accordingly, his conviction became final sixty days later on December 20, 2013. Cal. Rules of Court 8.308(a); <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on December 21, 2013. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on December 21, 2014.

The statute of limitations period began to run on December 21, 2013, and the clock stopped on December 10, 2014, the date petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. By December 10, 2014, 354 days of the one year limitations period had expired.

The superior court denied the petition on February 9, 2015. On February 10, 2015, the limitations period began to run again. Because 354 days of the limitations period had expired, petitioner had 11 days left in the one year period (354 + 11 = 365). Thus, the limitations period expired on Saturday, February 21, 2015, but was extended to Monday, February 23, 2015, due to the weekend. However, petitioner did not file his petition in the state appellate court until April 20, 2015, after the limitations period expired. State habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect. <u>Ferguson</u>, 321 F.3d at 823. Thus, petitioner's habeas petitions filed in state court after February 23, 2015, provide no tolling.

Petitioner did not file his federal petition until November 19, 2015, almost nine months after the limitations period expired. Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

Petitioner appears to argue that the fact that the state courts did not find his petition was untimely, or that the state failed to argue that his state court petitions were untimely, means that the untimely defense was waived. (ECF No. 14 at 3.) Petitioner states that his "second petition

5

1  therefore waived the right to a defense of failure to comply with the AEDPA statute of
2  limitations," relying on Rules 8(1) and 12(b) of the Federal Rules of Civil Procedure.  (ECF No.
3  14 at 3.)  However, the state courts do not apply the federal statute of limitations to petitions for
4  writ of habeas corpus filed in state court.  Moreover, petitioner is unable to waive respondent's
5  affirmative defense.  Respondent raised the statute of limitations defense in the motion to dismiss,
6  which is appropriate under the Federal Rules.  Respondent has not yet filed a responsive pleading,
7  and thus did not waive the affirmative defense.  Because the court finds that the motion to dismiss
8  was properly filed, the court need not address petitioner's alternative argument that the court is
9  prohibited from enforcing the limitations period on its own motion.

## V.  Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'"  McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights."  Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the

State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

In his opposition, petitioner fails to allege facts suggesting he is entitled to equitable tolling for the almost nine month delay in filing the instant petition.  Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza-Matthews, 432 F.3d at 1026.

VI.  Petitioner's Sur-reply

On March 18, 2016, petitioner filed a sur-reply.  (ECF No. 17.)  Respondent did not object to the sur-reply.

The Local Rules do not authorize the routine filing of a sur-reply.  Nevertheless, when a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence.  El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003).  Here, respondent's reply addressed the arguments in plaintiff's opposition and raised no new theories.  Moreover, petitioner did not seek leave to file a sur-reply, and his arguments therein do not impact the court's analysis.[4]  For these reasons, petitioner's sur-reply is stricken.

VII.  Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.  Petitioner's motion is denied.

VIII.  Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

---

[4] Indeed, petitioner's sur-reply references a Texas Court conviction on September 25, 2002 (ECF No. 17 at 2), which is not the conviction challenged here.

7

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, the undersigned declines to issue a certificate of appealability.

X. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 11) is granted;

2. Petitioner's sur-reply (ECF No. 17) is stricken;

3. Petitioner's motion for appointment of counsel (ECF No. 18) is denied;

4. This action is dismissed; and

5. The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: April 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robi2442.mtd.hc.sol